JOURNAL ENTRY AND OPINION
This is an appeal from an order of Judge Anthony O. Calabrese, Jr. denying Thomas Michael Keenan's postconviction relief petition and motion for a new trial. Keenan, under a sentence of death, claims he presented sufficient evidence to warrant an evidentiary hearing on the issues of ineffective assistance of counsel and withholding of exculpatory evidence, in addition to newly discovered evidence justifying a new trial. We affirm the judgment.
In 1988 Keenan, Joseph D'Ambrosio, and Edward Espinoza were arrested and charged with, inter alia, the kidnapping and capital murder of Anthony Klann. The three had attempted to force Klann to divulge the location of his roommate, Paul Lewis, who Keenan suspected of stealing drugs from his car. Espinoza testified that Keenan and D'Ambrosio did the stabbing and, in return, was allowed to plead guilty to involuntary manslaughter, kidnapping, and aggravated burglary, for which he received a prison sentence of fifteen to fifty years.[1] D'Ambrosio was convicted and sentenced to death, the decision was affirmed by this court, and the Ohio Supreme Court affirmed the conviction but remanded the case for resentencing. State v. D'Ambrosio (Aug. 30, 1990), Cuyahoga App. No. 57448, unreported, conviction affirmed, and remanded for resentencing (1993), 67 Ohio St.3d 185, 616 N.E.2d 909. On remand, D'Ambrosio was again sentenced to death, and the decision was affirmed both by this court and the Ohio Supreme Court. D'Ambrosio (Nov. 24, 1993), Cuyahoga App. No. 57448, unreported, affirmed (1995),73 Ohio St.3d 141, 652 N.E.2d 710.
Keenan was also convicted and sentenced to death, this court affirmed the conviction and sentence, but the Ohio Supreme Court reversed, finding the conviction tainted by prosecutorial misconduct and other errors. State v. Keenan (Dec. 27, 1990), Cuyahoga App. No. 57565, unreported, reversed (1993), 66 Ohio St.3d 402, 613 N.E.2d 203. Following the second trial on the same charges, Keenan was again convicted and sentenced to death. This court and the Ohio Supreme Court affirmed the conviction and sentence. Keenan (Aug. 22, 1996), Cuyahoga App. No. 67452, unreported, affirmed (1998), 81 Ohio St.3d 133, 689 N.E.2d 929.
On March 26, 1999 Keenan filed a petition for postconviction relief and a motion for new trial claiming that his lawyer was ineffective because, inter alia, he failed to investigate and discover the witnesses who provided the basis of Keenan's newly discovered evidence claim and that the State had withheld exculpatory evidence. On July 22, 1999, the State filed a brief in response, and the judge denied the petition. In his December 10, 1999 findings of fact and conclusions of law, the judge found most of Keenan's claims barred by res judicata, and noted that other claims were not supported by admissible evidence, because the petition contained a number of unsworn and/or hearsay statements. He noted that the affidavits from Keenan's lawyer set forth the content of his conversations with potential witnesses, rather than the sworn statements of the witnesses themselves.
Keenan asserts four assignments of error.
 I. DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL.
 II. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN EXCULPATORY INFORMATION WAS WITHHELD FROM HIM AND COUNSEL.
 III. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT RELIED ON ITS OWN RECOLLECTION IN MAKING DETERMINATIONS OF FACTUAL ISSUES.
 IV. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS NOT GRANTED AN EVIDENTIARY HEARING.
We can assess the assignments together, because we find the petition untimely under the postconviction relief statute, R.C. 2953.21, and the rule concerning motions for new trial, Crim.R. 33(B). R.C. 2953.21(A)(2) states:
 A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
Crim.R. 33(B) states, in relevant part:
 Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.
The exception stated in Crim.R. 33(B) for evidence that a defendant was unavoidably prevented from timely presenting is consistent with the standard for untimely or successive postconviction relief petitions stated in R.C. 2953.23:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
Keenan filed this postconviction relief petition over a year after the Supreme Court affirmed his conviction, obviously well beyond the deadlines stated in R.C. 2953.21 and Crim.R. 33(B). He has made no effort to show how he was unavoidably prevented from timely raising these claims, nor has he argued that no reasonable factfinder would have found him guilty had the newly discovered evidence been presented. In fact, the evidence and argument concerning his newly discovered evidence claims seem to be secondary to other claims in his petition, because, although he asserts that eight to twenty new witnesses could have come forward to assist the defense, he does not identify them, or the content of their proposed testimony, or explain how such testimony would benefit his defense. For example, the only affidavit in support is that of a bartender who claimed to have seen Anthony Klann alive on the night of September 23, 1988, but Keenan failed to explain the relevance of that assertion.
This is no time to hide the theory of innocence, should one exist. Although Keenan generally has asserted an alibi defense based on the time of Klann's death, he has not supplied the details of that defense and we will not speculate on them. If he wished to make such an argument, the strengths and weaknesses of his claims should have been presented and discussed much more clearly, both factually and legally.
During oral argument, when questioned about the issue of timeliness, Keenan's lawyer stated that the Ohio Supreme Court had granted its permission to file this action, apparently referring to a six-month stay of execution of sentence it granted to allow Keenan to exhaust his postconviction remedies. State v. Keenan (1998), 84 Ohio St.3d 1425,702 N.E.2d 901. Keenan has misapprehended the effect of that order, because it did not and cannot extend the statutory deadline for filing a petition for postconviction relief under R.C. 2953.21. Such a contention would give courts the ability to disregard the jurisdictional aspects of R.C. 2953.23. A stay to allow the filing of a postconviction petition is intended to allow just that — the filing of a petition. Id.; State v. Glenn (1987), 33 Ohio St.3d 601, 514 N.E.2d 869. The stay cannot affect the disposition of the petition, and cannot render an untimely petition timely.
Because Keenan's petition is untimely under R.C. 2953.21, and he has failed to present any justification for considering his claims under Crim.R. 33(B) or R.C. 2953.23, we affirm the dismissal of his postconviction petition and motion for new trial.
Judgment affirmed.
It is ordered that the appellee recover from the appellant its costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., AND COLLEEN CONWAY COONEY, J., CONCUR
[1] The facts of this case are detailed in previous opinions concerning appeals by both Keenan and D'Ambrosio, cited infra.